UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9796 CAS (PJWx) | Date | March 11, 2013 |
|---|---|---|---|
| Title | FRANSISKA SUSILO V. CHRISTOPHER LEE ROBERTSON ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers:) DEFENDANTS' MOTION TO DISMISS CASE (Docket #16, filed January 28, 2013)

## I.   INTRODUCTION

Plaintiff filed the instant case in this Court on November 15, 2012, and filed a First Amended Complaint ("FAC") on November 21, 2012. Plaintiff's FAC names as defendants Christopher Lee Robertson ("Lee"), Advisors, Inc., Real Estate Advisors (collectively "Advisors"), 1100 Wilshire Property Owners Association, Action Property Management, and Barry James.[1] Plaintiff's FAC asserts eleven claims for relief: (1) negligence, (2) breach of contract, (3) negligent misrepresentation, (4) fraud, concealment, deceit, (5) trespass and conversion, (6) wrongful eviction, (7) intentional infliction of emotional distress, (8) negligent infliction of emotional distress, (9) breach of the implied covenant of good faith and fair dealing, (10) aiding and abetting conspiracy, and (11) violation of California's unfair competition law, Business and Professions Code § 17200 ("UCL").

On January 28, 2013, defendants Advisors and Robertson filed a motion to dismiss. On February 19, 2013, plaintiff filed an opposition, and defendant filed a reply on February 25, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

---

[1] The FAC also names Wells Fargo Bank, N.A. and Nick Arnett as defendants, but plaintiff dismissed these defendants voluntarily on January 22, 2013. Dkt. Nos. 11 – 12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9796 CAS (PJWx) | Date | March 11, 2013 |
|---|---|---|---|
| Title | FRANSISKA SUSILO V. CHRISTOPHER LEE ROBERTSON ET AL. | | |

## II. BACKGROUND

### A. Allegations in Plaintiff's First Amended Complaint

The instant action arises out of the foreclosure and subsequent resale of 1100 Wilshire Blvd., Unit 3108, a condominium in Los Angeles formerly owned by plaintiff ("the property"). Plaintiff purchased the property in April 2008, and in connection with the purchase, received a loan from non-party Wachovia Mortgage, FSB ("Wachovia"). FAC ¶ 9. The loan from Wachovia was secured by a deed of trust recorded against the property. Id. Plaintiff defaulted on the loan, and Wachovia recorded a Notice of Default in July 2010. Id. ¶ 10. Eventually the property was sold to Wachovia via a credit bid at a trustee's sale that took place on November 12, 2010. Id. ¶ 11.

After the trustee's sale, non-party Wells Fargo Bank, N.A. ("Wells Fargo")[2] hired defendants Advisors and Robertson to market and sell the property. FAC ¶ 2. Plaintiff alleges that although the property was filled with her personal belongings after the foreclosure sale took place, defendants Advisors and Robertson conspired with Wells Fargo "in a scheme to falsely determine that the property was 'vacant' and had been 'abandoned' by plaintiff." FAC ¶ 13. This false determination allegedly would allow defendants to avoid the expense of unlawful detainer proceedings and would obviate the need for defendants to comply with the applicable laws relating to personal property found in foreclosed properties. Id. In connection with this scheme, plaintiff alleges that defendant Advisors changed the locks on the property, and converted all of plaintiff's belongings present in the property. Id. ¶ 14.

Plaintiff alleges that defendants 1100 Wilshire Property Owners Association, Action Property Management, and Barry James ("the management defendants") wrongfully allowed Wells Fargo employees and Advisors to enter the property, change the locks, and convert her personal belongings. Additionally, plaintiff recognizes that Wells Fargo and Advisors deny converting her personal belongings, and alleges in the alternative that if Wells Fargo and Advisors were not responsible for converting her

---

[2] Wachovia merged into Wells Fargo in November 2009, is a division of Wells Fargo. Plaintiff's FAC refers to Wachovia and Wells Fargo interchangeably. See FAC ¶ 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9796 CAS (PJWx) | Date | March 11, 2013 |
|---|---|---|---|
| Title | FRANSISKA SUSILO V. CHRISTOPHER LEE ROBERTSON ET AL. | | |

belongings, then the management defendants wrongfully allowed someone else to enter the property and convert her belongings. FAC ¶ 19.

### B.  Plaintiff's Related Lawsuit

The foreclosure and resale of the property is also the subject of another lawsuit plaintiff filed in this Court. See Fransiska Susilo v. Wells Fargo Bank, N.A.,et al., Case No. CV-11-1814 CAS (PJWx) ("the Wachovia case"). The defendants in the Wachovia case are Wells Fargo and Wachovia. In the Wachovia case, similar to the present action, plaintiff alleged that Wells Fargo and Wachovia wrongfully foreclosed on the property, and subsequently trespassed upon the property and converted her personal belongings. Summary judgment was entered against plaintiff with respect to her trespass and conversion claims on November 19, 2012, and judgment on the remainder of plaintiff's wrongful foreclosure claims was entered against plaintiff on February 28, 2013. See Case No. CV-11-1814 CAS (PJWx) Dkt. Nos. 183, 225.

### III.  LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9796 CAS (PJWx) | Date | March 11, 2013 |
|---|---|---|---|
| Title | FRANSISKA SUSILO V. CHRISTOPHER LEE ROBERTSON ET AL. | | |

(2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. ANALYSIS

Defendants Advisors and Robertson argue that plaintiff's claims against them are barred by the doctrine of claim preclusion. Defendants argue that because plaintiff has already litigated her wrongful foreclosure and wrongful conversion claims in the Wells Fargo case, she cannot now assert these same claims against defendants because they

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9796 CAS (PJWx) | Date | March 11, 2013 |
|---|---|---|---|
| Title | FRANSISKA SUSILO V. CHRISTOPHER LEE ROBERTSON ET AL. | | |

were only involved in the foreclosure and loss of plaintiff's property as Wells Fargo's employees. See FAC ¶ 2.

Under Semtek Intern. Inc. v. Lockheed Martin Corp., 531 U.S. 497, 500, 508 (2001), "federal common law governs the claim-preclusive effect of a dismissal by a federal court sitting in diversity," and the federal common law rule provides that the claim preclusive effect of a federal diversity judgment "is such as would belong to judgments of the State courts rendered under similar circumstances." The Court therefore applies California law to determine whether, under the doctrine of claim preclusion, this Court's prior judgment bars plaintiff from asserting her claims against defendant.

Under California law, res judicata has a "double aspect." 7 Bernard E. Witkin, California Procedure § 281 (4th ed. 2004); People v. Barragan, 32 Cal. 4th 236, 252 (2004). In its primary aspect, also known as claim preclusion, a prior judgment is a complete bar on a new suit between the same parties on the same claim; in its secondary aspect, also known as issue preclusion, the prior judgment operates "as an estoppel or conclusive adjudication as to such issues in the second action as were actually litigated and determined in the first action." Id. at 252–53 (internal quotation marks and citation omitted). The prerequisite elements for applying res judicata to a claim or an issue are the same:

> (1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding.

Id. at 253. The Court considers each element in turn.

### A. Same Claim

In determining whether the same claim has been raised for purposes of res judicata, California courts apply the "primary rights" theory, "under which the invasion of one primary right gives rise to a single cause of action . . . . Hence a judgment for the defendant is a bar to a subsequent action by the plaintiff based on the same injury to the same right, even though he presents a different legal ground for relief." Slater v. Blackwood, 15 Cal. 3d 791, 795 (1975) (citation and internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9796 CAS (PJWx) | Date | March 11, 2013 |
|---|---|---|---|
| Title | FRANSISKA SUSILO V. CHRISTOPHER LEE ROBERTSON ET AL. | | |

See also Acuña v. Regents of the Univ. of Cal., 56 Cal. App. 4th 639, 648 ( Cal. Ct. App. 1997) ("[T]wo actions constitute a single cause of action if they both affect the same primary right."); Swartzendruber v. City of San Diego, 3 Cal. App. 4th 896, 904 (Cal. Ct. App. 1992) ("In determining the primary right, 'the significant factor is the harm suffered.'").

     Here, the harms for which plaintiff sought relief in the Wells Fargo case are the same harms for which plaintiff now seeks to hold Advisors liable. In both cases, plaintiff is primarily seeking redress for the wrongful foreclosure of the property and the wrongful conversion of her personal belongings. Even though plaintiff is now asserting the theory that defendants wrongfully failed to bring an unlawful detainer action, a theory which was not litigated in the Wells Fargo case, the fact that the plaintiff raises a new theory of relief is immaterial for purposes of claim preclusion. Consequently, the claims raised in this case are identical to the claims raised in the Wells Fargo case, so the first element of claim preclusion is satisfied.

     **B.**     **Final Judgment on the Merits**

     A judgment issued by a federal court "is final for purposes of res judicata until reversed on appeal, modified or set aside in the court of rendition." Martin v. Martin, 2 Cal. 3d 752, 761 (1970) (citing Stoll v. Gottlieb, 305 U.S. 165, 170 (1938)). Here, final judgment on the merits was entered against plaintiff in the Wells Fargo case on November 19, 2012 and February 28, 2013. The second element of claim preclusion therefore is also satisfied.

     **C.**     **Proper Party**

     Plaintiff argues that applying claim preclusion here would be improper because although Advisors was initially a party in the Wells Fargo case, it was dismissed from that case without prejudice before it filed an answer. Under California law, however, "mutuality has not been a prerequisite to asserting the defense of res judicata." Takahashi v. Board of Education, 202 Cal. App. 3d 1464, 1477 (1988). Moreover, in Takahashi, the California court of appeal held that employees of a school district could assert the defense of claim preclusion when the plaintiff had litigated a previous case to judgment against the district, and the employees were sued based on actions they took within the scope of their employment. Id. The facts here are very similar: plaintiff's former lawsuit asserted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9796 CAS (PJWx) | Date | March 11, 2013 |
|---|---|---|---|
| Title | FRANSISKA SUSILO V. CHRISTOPHER LEE ROBERTSON ET AL. | | |

wrongful foreclosure and conversion claims against Wells Fargo, and plaintiff now seeks to assert those same claims against defendants employed by Wells Fargo. Consequently, the third element of claim preclusion is also satisfied, and therefore the Court finds that plaintiff's claims against Advisors and Robertson should be dismissed.

## V.  CONCLUSION

In accordance with the foregoing, the Court hereby DISMISSES WITH PREJUDICE plaintiff's claims against defendants Advisors and Robertson.

IT IS SO ORDERED.

                                                                                                                                                      _____ : _____

                                                                                                                                                    Initials of Preparer