UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9796 CAS (PJWx) | Date | August 14, 2013 |
|----------|------------------------|------|------------------|
| Title | FRANSISKA SUSILO V. CHRISTOPHER LEE ROBERTSON ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|------------------------|---------------------|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|-----------------------------------|----------------------------------|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS): MOTION FOR LEAVE TO FILE FIRST
AMENDED ANSWER (Docket #27, filed July 19, 2013)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of August 19, 2013 is vacated, and the matter is hereby taken under submission.

**I.     INTRODUCTION**

Plaintiff filed the instant case in this Court on November 15, 2012, and filed a First Amended Complaint ("FAC") on November 21, 2012. Plaintiff's FAC names as defendants Christopher Lee Robertson ("Lee"), Advisors, Inc., Real Estate Advisors (collectively "Advisors"), 1100 Wilshire Property Owners Association, Action Property Management, and Barry James. Plaintiff's FAC asserts eleven claims for relief: (1) negligence, (2) breach of contract, (3) negligent misrepresentation, (4) fraud, concealment, deceit, (5) trespass and conversion, (6) wrongful eviction, (7) intentional infliction of emotional distress, (8) negligent infliction of emotional distress, (9) breach of the implied covenant of good faith and fair dealing, (10) aiding and abetting conspiracy, and (11) violation of California's unfair competition law, Business and Professions Code § 17200 ("UCL").

On July 19, 2013, defendants 1100 Wilshire Property Owners Association, Action Property Management, and Barry James ("the management defendants") filed a motion for leave to file an amended answer and a third-party complaint. Plaintiff filed an opposition on July 29, 2013, and the management defendants replied on August 5, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9796 CAS (PJWx) | Date | August 14, 2013 |
|---|---|---|---|
| Title | FRANSISKA SUSILO V. CHRISTOPHER LEE ROBERTSON ET AL. | | |

## II.   BACKGROUND

### A.   Plaintiff's Allegations

The instant action arises out of the foreclosure and subsequent resale of 1100 Wilshire Blvd., Unit 3108, a condominium in Los Angeles formerly owned by plaintiff ("the property"). Plaintiff purchased the property in April 2008, and in connection with the purchase, received a loan from non-party Wachovia Mortgage, FSB ("Wachovia"). FAC ¶ 9. The loan from Wachovia was secured by a deed of trust recorded against the property. Id. Plaintiff defaulted on the loan, and Wachovia recorded a Notice of Default in July 2010. Id. ¶ 10. Eventually the property was sold to Wachovia by credit bid at a trustee's sale that took place on November 12, 2010. Id. ¶ 11.

After the trustee's sale, non-party Wells Fargo Bank, N.A. ("Wells Fargo")[1] hired defendants Advisors and Robertson to market and sell the property. FAC ¶ 2. Plaintiff alleges that although the property was filled with her personal belongings after the foreclosure sale took place, defendants Advisors and Robertson conspired with Wells Fargo "in a scheme to falsely determine that the property was 'vacant' and had been 'abandoned' by plaintiff." FAC ¶ 13. This false determination allegedly would allow defendants to avoid the expense of unlawful detainer proceedings and would obviate the need for defendants to comply with the applicable laws relating to personal property found in foreclosed properties. Id. In connection with this scheme, plaintiff alleges that defendant Advisors changed the locks on the property, and converted all of plaintiff's belongings present in the property. Id. ¶ 14.

Plaintiff alleges that the management defendants wrongfully allowed Wells Fargo employees and Advisors to enter the property, change the locks, and convert her personal belongings. Additionally, plaintiff recognizes that Wells Fargo and Advisors deny converting her personal belongings, and alleges in the alternative that if Wells Fargo and Advisors were not responsible for converting her belongings, then the management

---

[1] Wachovia merged into Wells Fargo in November 2009, is a division of Wells Fargo. Plaintiff's FAC refers to Wachovia and Wells Fargo interchangeably. See FAC ¶ 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9796 CAS (PJWx) | Date | August 14, 2013 |
|---|---|---|---|
| Title | FRANSISKA SUSILO V. CHRISTOPHER LEE ROBERTSON ET AL. | | |

defendants wrongfully allowed someone else to enter the property and convert her belongings.  FAC ¶ 19.

### B.    Proposed Amendments

The management defendants claim that during the time period relevant to plaintiff's complaint, plaintiff's daughter, Aurelia Santoso ("Santoso"), was in possession of the property.  Additionally, the management defendants contend that they recently discovered a Waiver of Liability and Hold Harmless Agreement ("the Agreement"), signed by Santoso, that potentially requires Santoso to indemnify the management defendants for any liability they may incur in this action.  Dkt. #27 Ex. D.  Based on the Agreement, the management defendants now seek to amend their answer to assert the affirmative defenses of release of liability and indemnity, and also seek to file a third party complaint asserting that Santoso is liable to the management defendants for all or part of the claims asserted against them by plaintiff.

## III.    LEGAL STANDARD

### A.    Amendments to Pleadings

As a preliminary matter, the Court must decide whether Federal Rule of Civil Procedure 15(a) or 16(b) applies.  Generally, a court grants a motion for leave to amend pleadings pursuant to the permissive standard of Rule 15(a).  Martinez v. Newport Beach City, 125 F.3d 777, 785 (9th Cir. 1997).  However, once the district court enters a scheduling order establishing a deadline for amending pleadings, Rule 16(b) applies.  Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000).  This is because once the scheduling order is in place, the court must modify the scheduling order to permit an amendment.  W. Schwarzer, A. Tashima & M. Wagstaffe, Federal Civil Procedure Before Trial (2006) § 8:405.1 (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d at 609).  Since the scheduling order provides that the last date for a motion to amend the complaint to add a party is July 26, 2013, plaintiffs' motion is timely under the scheduling order and Rule 15(a) provides the applicable standard.  Dkt. #24.

Rule 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9796 CAS (PJWx) | Date | August 14, 2013 |
|---|---|---|---|
| Title | FRANSISKA SUSILO V. CHRISTOPHER LEE ROBERTSON ET AL. | | |

Where leave to amend is required, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir.2003)). "Some courts have stressed prejudice to the opposing party as the key factor." Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991). However, "[u]ndue delay is a valid reason for denying leave to amend." Id. (internal quotation marks and citation omitted); but see Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself, however, is insufficient to justify denying a motion to amend."). Further, "the liberality of Rule 15(a) does not mean that amendment will be allowed regardless of the diligence of the moving party. Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." Jordan, 669 F.3d at 1324. "Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Kaplan, 49 F.3d at 1370 (internal quotation marks and citation omitted). Delay can contribute to a finding of prejudice, for "expense, delay, and wear and tear on individuals and companies count toward prejudice." Id. (internal quotation marks and citation omitted).

**B.     Third-Party Complaints**

Federal Rule of Civil Procedure 14 provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. Proc. 14(a). If the defendant seeks to file a third-party complaint more than fourteen days after serving its original answer, it must file a motion and obtain leave of court before filing its third party complaint. Id. Here, because the management defendants' original answer was filed on January 18, 2013, leave of the Court is required.

Whether to allow a defendant to file a third-party complaint "is addressed to the sound discretion of the trial court." Southwest Administrators v. Rozay's Transfer, 791 F.2d 769, 777 (9th Cir. 1986). When making this determination, courts consider (1)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9796 CAS (PJWx) | Date | August 14, 2013 |
|---|---|---|---|
| Title | FRANSISKA SUSILO V. CHRISTOPHER LEE ROBERTSON ET AL. | | |

prejudice to the plaintiff, (2) whether allowing the third-party complaint will complicate issues at trial, (3) the likelihood of trial delay, and (4) whether the defendant unreasonably delayed in filing its motion. Id. ("It is not an abuse of discretion to deny an application for impleader where it will disadvantage the existing action."); Irwin v. Mascott, 94 F. Supp. 2d 1052, 1056 (N.D. Cal. 2000).

## IV.   ANALYSIS

The management defendants contend that plaintiff will suffer no undue prejudice as a result of either its proposed third party complaint or its amended answer. As the management defendants point out, the factual discovery cut-off is currently set for October 15, 2013, which leaves plaintiff ample time to seek any relevant discovery. Moreover, the management defendants argue that because Santoso was purportedly in possession of the property around the time the foreclosure took place, issues related to Santoso's involvement in and responsibility for the loss of plaintiff's personal property will be litigated regardless of whether this motion is granted, and therefore permitting the proposed amendments and third-party complaint will not cause additional complications or delay in trial. Finally, the management defendants argue that because they filed their motion shortly after discovering the agreement, they did not unreasonably delay in filing this motion.

Plaintiff raises several arguments in response. First, plaintiff argues that adding Santoso as a third-party defendant at this point in the litigation would require amending the scheduling order to allow Santoso sufficient time to file responsive pleadings and take discovery. The resulting delay in trial, according to plaintiff, justifies denying the motion. Second, plaintiff claims that defendants have not offered any explanation regarding why the Agreement was not discovered sooner. Without any justification for the purportedly late discovery of the agreement, plaintiff argues that the motion should be denied due to the management defendants' undue delay. Third, plaintiff argues that the motion should be denied because the proposed new defenses and third-party complaint lack merit.

The Court finds that the motion should be granted. First, regarding delay in filing this motion, the management defendants explain that they only uncovered the Agreement while producing discovery in this case. Plaintiff does not offer any explanation regarding why the management defendants should have uncovered this document sooner, and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9796 CAS (PJWx) | Date | August 14, 2013 |
|---|---|---|---|
| Title | FRANSISKA SUSILO V. CHRISTOPHER LEE ROBERTSON ET AL. | | |

Court therefore finds that no grounds for denying the motion due to defendants' delay. Second, regarding plaintiff's contention that some delay in trial will arise due to the third-party complaint, there is no showing that any delay would be substantial enough to outweigh the gains in judicial efficiency accomplished by obviating the need for a separate action by the management defendants against Santoso. See Rozay's Transfer, 791 F.2d at 777 ("The purpose of [Rule 14] is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim."). Therefore, the marginal delay in resolution of this case caused by permitting the third-party complaint does not justify denying the motion. Third, because Santoso's involvement in the loss of plaintiff's personal property will be litigated regardless of whether defendants are permitted to amend their answer and file a third-party complaint, the Court finds that granting the motion would not substantially complicate trial. Fourth, and finally, the Court finds that the arguments regarding the futility of the third-party complaint would be better addressed in a motion to dismiss. See, e.g., SAEs Getters S.p.A. v. Aeronex, Inc., 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002).

Accordingly, the Court finds that the management defendants' motion should be granted.

## V.   CONCLUSION

In accordance with the foregoing, the management defendants' motion to amend their answer and file a third-party complaint is hereby GRANTED.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |